# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7296 | **DATE** | November 18, 2010 |
| **CASE TITLE** | *Amun Bey v. United States* | | |

**DOCKET ENTRY TEXT:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this case is dismissed and all pending motions are stricken.

■[ For further details see text below.]

## STATEMENT

     Pro se plaintiff Sheiikess Alara Amun Bey seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because the plaintiff is proceeding pro se, the court has construed her filings liberally.

     The plaintiff previously filed pleadings that appeared to relate to a case pending in the Circuit Court of Cook County to this court. *See Donnelly v. El Hahf An'nor El Forgon Bey, et al.*, No. 09 C 3310. The judge presiding over that case held that to the extent the filing was an attempt to remove the state court proceedings, it was improper, and to the extent that it was an attempt to file an original action, the court lacked jurisdiction. She thus dismissed that case.

     The pleadings filed on November 12, 2010, that were assigned to this court also appear to relate to proceedings in state court. The plaintiff's filing is entitled "transfer and complaint," contains multiple metallic and embossed seals, stamps, and exhibits, and features multi-colored printing. The plaintiff provides extensive allegations about her ties to the Moorish Science Temple and an incident that appears to have resulted in state court criminal proceedings. In her "Affidavit of Re-Visitation Emergency Ex-Parte for Writ

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

of Coram Nobis," she contends that the "CIRCUIT COURT OF COOK COUNTY (Inferior Court) has no Authority or Power to act beyond a directive/order of a United States Court (including Districts), as it is bound by compact to perform accordingly." She then appears ask this court to strike a state court warrant "which facilitated an unlawful kidnapping" and to halt a state court trial.

To the extent that the plaintiff wishes to challenge orders entered by the state court, she must pursue appellate relief in the state courts, as the Illinois Appellate Court – not the federal district court – may consider appeals from orders issued by a state trial court judge. Moreover, as noted in the final order entered in *Donnelly v. El Hahf An'nor El Forgon Bey, et al.*, No. 09 C 3310, Dkt. 12 (Jun. 23, 2009), the plaintiff has not satisfied the requirements necessary to remove a case proceeding in the Circuit Court of Cook County to federal court. Finally, the plaintiff's filing fails to establish that jurisdiction in federal court is proper. Accordingly, this case is dismissed and all pending motions are stricken.